# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL, | 1: 96 - CV - 5576 AWI DLB P |
| Plaintiff, | **ORDER DENYING MOTION FOR** |
| v. | **RECONSIDERATION** |
| C/O DICKERSON, | |
| Defendant. | [Document #115] |

## BACKGROUND

Plaintiff Rex Chappell ("Plaintiff"), a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On December 11, 2006, the Magistrate Judge filed Findings and Recommendations, recommending that Defendant's motion for summary judgment be granted in part and denied in part.   The Magistrate Judge granted the parties several extensions of time within which to file objections to the Findings and Recommendation.  On March 5, 2007, Defendant filed timely objections.

On March 14, 2007, the court adopted the Findings and Recommendations without considering the objections.   The court's March 14, 2007 granted Defendant's motion for summary judgment on Plaintiff's due process claim but denied Defendant's motion for summary judgment on Plaintiff's Eighth Amendment claim and retaliation claim.

1    On March 15, 2007, Defendant filed a motion for reconsideration.   Defendant contends

2  that the court failed to consider the objections Defendant filed on March 5, 2007.   Because the

3  court did not consider the objections in the court's March 14, 2007 order, Defendant asks the

4  court to conduct a de novo review of this case, including the objections, and grant Defendant's

5  motion for summary judgment.

6                                         **LEGAL STANDARD**

7    The court has discretion to reconsider and vacate a prior order.  <u>Barber v. Hawaii</u>, 42 F.3d

8  1185, 1198 (9th Cir.1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir.1992).

9  Motions for reconsideration are disfavored, however, and are not the place for parties to make

10 new arguments not raised in their original briefs.   <u>Northwest Acceptance Corp. v. Lynnwood</u>

11 <u>Equip., Inc.</u>, 841 F.2d 918, 925-26 (9th Cir.1988).    Motions to reconsider are committed to the

12 discretion of the trial court.   <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc);

13 <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set

14 forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

15 <u>See</u>, <u>e.g.</u>, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986),

16 *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a

17 motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different

18 facts or circumstances claimed to exist which did not exist or were not shown upon such prior

19 motion, or what other grounds exist for the motion."

20                                          **DISCUSSION**

21    Here, the court clearly erred by adopting the Findings and Recommendations without

22 considering the objections.   The court agrees with Defendant's proposed solution to resolve the

23 court's error.   As such, the court will conduct a de novo review of the file, review the Findings

24 and Recommendations, and consider the March 5, 2007 objections to determine if the court

25 should amend or change the court's March 14, 2007 order denying in part and granting in part

26 Defendant's motion for summary judgment.

27

28                                              2

**A. New Evidence and Arguments**

In the objections, Defendant provides considerable evidence and arguments not made in Defendant's original motion for summary judgment.   A new theory cannot properly be raised in objections to Findings and Recommendations.  Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992).   Factual assertions that which could have been but were not presented to the Magistrate Judge should be given no consideration when the court is deciding whether to adopt Findings and Recommendations  Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001); Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *9 n.9 (C.D.Cal. 1997).  "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." Greenhow, 863 F.2d at 638.   Accordingly, the court will not consider any new proposed undisputed facts and/or any arguments that were never presented to the Magistrate Judge and were made for the first time in the objections.   With this standard in mind, the court turns the Findings and Recommendations and the remainder of the objections.

**B. Failure to Protect**

Defendant contends in the objections that the fact Plaintiff was not injured is fatal to Plaintiff's failure to protect claim.  The Eighth Amendment imposes a duty upon prison officials to take reasonable steps to protect prisoners from violence at the hands of other prisoners.  See Farmer v. Brennan, 111 U.S. 825, 833 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982).  To establish liability under the Eighth Amendment based on a failure to prevent harm, the prisoner must meet an objective and subjective test. See Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1994).  First, there is the objective component which requires the inmate to "show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 111 U.S. at 834.  Second, there is a subjective component requiring that the prison official have a

1   "sufficiently culpable state of mind," meaning deliberate indifference to the known risk in

2   question.  Id.   The Supreme Court has found "a prison official cannot be found liable under the

3   Eighth Amendment for denying an inmate humane conditions of confinement unless the official

4   knows of and disregards an excessive risk to inmate health or safety; the official must both be

5   aware of facts from which the inference could be drawn that a substantial risk of serious harm

6   exists, and he must also draw the inference."  Id. at 837.   For example, a prison official may

7   avoid liability by presenting evidence that he lacked knowledge of the risk to the prisoner's

8   safety or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at

9   844-45.

10      Although "not every injury suffered by one prisoner at the hands of another . . . translates

11  into constitutional liability," id. at 834, the court agrees with the Magistrate Judge that Defendant

12  cannot avoid liability for failing to protect Plaintiff merely because Plaintiff was never actually

13  attacked by other inmates.  If accepted, such an holding would assess a prison official's actions

14  based on hindsight, rather than on the facts and circumstances of which the official was aware at

15  the time the official was allegedly deliberately indifferent.  Such an approach is at odds with

16  Farmer, which holds that conditions posing a "substantial risk" of serious harm violate the Eighth

17  Amendment when prison officials are deliberately indifferent to those risks.[1]  While  Farmer

18  itself did not directly state that a physical injury is not necessary to maintain a cause of action for

19  a prison official's failure to protect, Farmer found that a prisoner need not wait for the

20  consummation of a threatened injury before obtaining preventative relief.  See Farmer, 511 U.S.

21  845-47.   The state of the law in 1996 was such that Farmer and its progeny gave fair warning to

22  officials that being deliberately indifference to the safety of prisoners by motiving other prisoners

23

24      _____

25      [1]In Valandingham v. Bojorquez, 866 F. 2d 1135, 1138 (9th Cir. 1989), the Ninth Circuit
held that a prison official's deliberate spreading of a rumor that the prisoner was a "snitch" states
26  a claim for violation of the right to be protected from violence while in state custody, even
though no assault by other inmates was claimed.  While Valandingham discussed potential
27  violence in the context of a First Amendment retaliation claim, the opinion supports the court's
decision that an attack must occur for a failure to protect claim.

28                                              4

1   to assault them was unconstitutional.  See Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002)

2   (qualified immunity).

3        While proof of an injury is not a required element in a failure to protect claim, a plaintiff

4   who was never attacked may have difficulty convincing a jury that he is entitled to damages.  The

5   court recognizes that Plaintiff must prove at trial that Defendant's actions caused some form of

6   injury to establish a violation of 42 U.S.C. § 1983. See Mt. Healthy City School Dist. Bd. of

7   Educ. v. Doyle, 429 U.S. 274, 285-87 (1977).  Here, Plaintiff states that he experienced fear for

8   his life that day.   This fear could potentially constitute emotional distress damage.   In addition,

9   Plaintiff may still be able to obtain nominal damages in the event a trier of fact does not find any

10  actual damage.   Thus, even considering the arguments made in the objections, the court still

11  agrees with the Magistrate Judge that Defendant is not entitled to summary judgment on the

12  failure to protect claim.

13  **C. Retaliation**

14       In recommending the court deny summary judgment on the retaliation claim, the

15  Magistrate Judge found as follows:

16       Plaintiff claims that prior to letting him out on the yard, Officer Dickerson also
         refused to process his CDC 602 because he felt that plaintiff had disrespected
17       another officer.   These allegations are sufficient to state a claim for retaliation.
         Defendant presents no evidence on these claims and therefore has not met his
18       burden as the party moving for summary judgment on this claim.

19  12/11/06 Findings and Recommendations at 9.   In the objections, Defendant contends that no

20  claim concerning an administrative appeal is present in the complaint and any retaliation for

21  Plaintiff's act of masturbation does not state a claim for retaliation because masturbation is not a

22  protected activity.

23       Allegations of retaliation against a prisoner's First Amendment rights to speech or to

24  petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532

25  (9th Cir. 1985); see also Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) Valandingham v.

26  Bojorquez, 866 F.2d 1135 (9th Cir. 1989).  "Within the prison context, a viable claim of First

27

28                                          5

1   Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some

2   adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

3   such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

4   not reasonably advance a legitimate correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-

5   68 (9th Cir. 2005).

6         While brief, the operative complaint, filed on August 5, 1996, does reference a retaliation

7   claim based on Defendant discarding Plaintiff's administrative appeal, concerning the events

8   leading up to Plaintiff being let out of the cell.   While a retaliation claim based on Plaintiff's

9   alleged actions in his cell may not be protected conduct, retaliation based on Plaintiff giving

10  Defendant an administrative appeal does state a claim.    The court does note that adverse action

11  is action that would chill a person of ordinary firmness from filing further administrate appeals.

12  <u>See  Pinard v. Clatskanie School Dist.</u>, 467 F.3d 755, 770 (9th Cir. 2006); <u>White v. Lee</u>, 227 F.3d

13  1214, 1228 (9th Cir. 2000).   Because the motion for summary judgment focused on whether

14  masturbation is a protected activity rather than on whether Plaintiff received an adverse action by

15  handing the administrative appeal to Defendant, Defendant has not met its burden on summary

16  judgment to show that Defendant's discarding of the appeal would not have chilled a person of

17  ordinary firmness from filing further appeals.   Accordingly, the court does not find that the

18  objections present a basis to not adopt the Findings and Recommendations.

19                                  **ORDER**

20        Accordingly, having considered the evidence and arguments made in the March 5, 2007

21  objections,  the court ORDERS that Plaintiff 's Motion for Reconsideration of the court's March

22  14, 2007 order is DENIED.   This action is REFERRED to the Magistrate Judge for further

23  proceedings.

24  IT IS SO ORDERED.

25  **Dated:  June 13, 2007**                    **/s/ Anthony W. Ishii**
26                                              UNITED STATES DISTRICT JUDGE

27

28                                          6