IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL, ) | 1: 96-CV-5576 AWI DLB P |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| v. ) | RECONSIDERATION |
| ) | |
| T. J. DICKERSON, ) | |
| ) | [Document #138] |
| Defendant. ) | |
| _____) | |

Plaintiff is a state prisoner proceeding pro se and has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.   Pretrial matters have been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

The Magistrate Judge has denied Plaintiff's motion for the appointment of counsel.  On November 5, 2007, Plaintiff filed a motion for reconsideration of the Magistrate Judge's order denying his request for counsel.   Petitioner claims counsel should be appointed because this case is exceptional and complex.

Motions to reconsider are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  The court reviews a motion to reconsider a Magistrate

1  Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. §
2  636(b)(1)(A); Fed. R. Civ. P. 72(a); United States v. Raddatz, 447 U.S. 667, 673 (1980); Bhan v.
3  NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991).  A motion for reconsideration is not the
4  proper avenue for raising arguments and legal theories that could have been, but were not, raised
5  before the Magistrate Judge issued the order from which reconsideration is sought. In re Agric.
6  Research & Tech. Group, Inc., 916 F.2d 528, 542 (9th Cir.1990).

7      To succeed in his motion, Plaintiff must show that the Magistrate Judge's denial of his
8  request for counsel was clearly erroneous or contrary to law.   There is no constitutional right to
9  counsel in a civil case.   Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).   Title 28
10 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a
11 litigant who is proceeding is forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the
12 courts the power to make "coercive appointments of counsel." Mallard v. United States Dist.
13 Court, 490 U.S. 296, 310 (1989).   The court may ask counsel to represent an indigent litigant
14 under Section 1915 only in "exceptional circumstances," the determination of which requires an
15 evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to
16 articulate his claims pro se in light of the complexity of the legal issues involved.   Rand v.
17 Rowland, 113 F.3d 1520, 1525 (9th Cir.1997) *withdrawn in part on other grounds on reh'g en*
18 *banc*, 154 F.3d 952 (9th Cir.1998) (en banc); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
19 Cir.1986).

20      Plaintiff has failed to make a showing that statutory grounds exist that entitle Plaintiff to
21 reconsideration of the Magistrate Judge's order denying Plaintiff's motion for counsel.   The
22 Magistrate Judge's order was not clear error.   Plaintiff appears able to present his claims
23 adequately, and the issues at this stage of the case are issues of fact.    At issue is whether
24 Defendant made certain statements that constituted deliberate indifference to Plaintiff's safety
25 and whether Defendant retaliated against Plaintiff.   This disputed issue of fact is ready to be tried
26 by a jury, and any further proceedings in this action do not involve issues of law that are novel or
27
28                                      2

1  complex.  While the court recognizes that there has been significant delay in this action, the
2  court's own delay in processing this action is not a ground to appoint counsel now that this
3  matter is scheduled for trial.  A review of the docket reveals that Plaintiff's filings are
4  comprehensive and focused.  Plaintiff has filed numerous motions throughout this action, and
5  these motions are articulate and organized.  Plaintiff is correct that he would be served by the
6  assistance of counsel, and the court is not unsympathetic to Plaintiff's desire for counsel.
7  However, the Ninth Circuit has recognized that "any pro se litigant certainly would be better
8  served with the assistance of counsel," and as such the Plaintiff must "show that because of the
9  complexity of the claims he was unable to articulate his positions." <u>Rand</u>, 113 F.3d at 1525.
10 Plaintiff has made no such showing.  As such, Plaintiff is not entitled to reconsideration of the
11 Magistrate Judge's order.
12      Accordingly, the court ORDERS that Plaintiff's motion for reconsideration is DENIED.

14 IT IS SO ORDERED.
15 **Dated:    January 29, 2008**             /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE

3