IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

RECUSE

| | | |
|---|---|---|
| REX CHAPPELL, | ) | 1: 96-CV-5576 AWI DLB P |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| v. | ) | DECLARE A CONFLICT OF |
| | ) | INTEREST IN HAVING THE |
| T. J. DICKERSON, | ) | ATTORNEY GENERAL |
| | ) | REPRESENT DEFENDANT |
| Defendant. | ) | |
| _____ | ) | [Document #141] |

Plaintiff is a state prisoner proceeding pro se and has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

On January 9, 2008, Plaintiff filed a motion to have the court declare a conflict of interest in having the California Attorney General represent Defendant. In this motion, Plaintiff claims that Defendant's attorney, the California Attorney General, has made improper arguments in this case. Given the Attorney General's position as a public entity, Plaintiff claims the Attorney General cannot make these arguments.

Plaintiff fails to set forth the legal basis of his motion. In general, an attorney admitted to practice before the court may not engage in any conduct which degrades or impugns the integrity of the court or interferes with the administration of justice. See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, 658 F.2d 1355, 1360 (9th Cir. 1981). The court must find a conflict of interest if an attorney represents a client and that representation may be materially limited by the lawyer's responsibilities to another client, a third

1 | person, or the attorney's own interests.  See  Abbott v. U.S. I.R.S., 399 F.3d 1083, 1085 (9th Cir.
2 | 2005); Image Technical Service, Inc. v. Eastman Kodak Co., 136 F.3d 1354, 1358 (9th Cir.
3 | 1998).   In addition, an attorney who "so multiplies the proceedings in any case unreasonably
4 | and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and
5 | attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.   Under Rule
6 | 11of the Federal Rules of Civil Procedure an award of sanctions is required if a frivolous  paper
7 | is filed. Price v. State of Hawaii, 939 F.2d 702, 709 (9th Cir. 1991).   The court also has the
8 | inherent authority to issue sanctions.
9 |     The basis of Plaintiff's motion is that Defendant's attorney took certain positions in the
10 | motion for summary judgment that the court ultimately rejected.    Plaintiff contends that because
11 | the Attorney General must uphold the law, Defendant's attorney's contentions regarding
12 | qualified immunity show the Attorney General is unwilling to uphold the law.   The court does
13 | not find Plaintiff's argument is grounds to disqualify the Attorney General.   Qualified immunity
14 | shields government officials performing discretionary functions from liability for civil damages
15 | unless their conduct violates clearly established statutory or constitutional rights of which a
16 | reasonable person would have known.  Anderson v. Creighton, 483 U.S. 635, 640 (1987).    The
17 | court in this action did not agree with Defendant that summary judgment could be granted on
18 | qualified immunity grounds based on the undisputed facts and viewing the disputed facts in
19 | Plaintiff's favor.   However, because qualified immunity is a valid defense, the court cannot find
20 | that the Attorney General's decision to make such an argument in the motion for summary
21 | judgment degrades or impugns the integrity of the court or interferes with the administration of
22 | justice such that the court must find a conflict of interest.
23 |     Accordingly, the court ORDERS that Plaintiff's motion to declare a conflict of interest is
24 | DENIED.
25 | IT IS SO ORDERED.
26 | **Dated:    February 11, 2008**          /s/ Anthony W. Ishii
                                              UNITED STATES DISTRICT JUDGE