**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| REX CHAPPELL, | ) | 1: 96-CV-5576 AWI DLB P |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| v. | ) | DISQUALIFY JUDGES |
| | ) | |
| T. J. DICKERSON, | ) | |
| | ) | [Document #158] |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff is a state prisoner proceeding pro se and has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

On January 31, 2008, Plaintiff filed a motion to disqualify Magistrate Judge Dennis L. Beck and the undersigned. Plaintiff seeks to recuse the Judge Beck and the undersigned pursuant to 28 U.S.C. § 455.

Section 455 provides:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
    (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
    (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular

    case in controversy;
    (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
    (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
      (I) Is a party to the proceeding, or an officer, director, or trustee of a party;
      (ii) Is acting as a lawyer in the proceeding;
      (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
      (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.
 (c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

Under section 455, a judge has an affirmative duty to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted).  The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997); United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986).   The Ninth Circuit reviews the court's denial of a section 455 motion for recusal is reviewed for abuse of discretion. United States v. Chischilly, 30 F.3d 1144, 1149-1150 (9th Cir.1994).

  The alleged bias must generally stem from an "extrajudicial source."  Liteky v. United States, 510 U.S. at 554-56; United States v. Hernandez, 109 F.3d 1450, 1454 (9th Cir. 1997). However, in Liteky v. United States, the Supreme Court recognized that "[t]he fact that an opinion held by a judge derives from a source outside judicial proceedings is not a necessary condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice." Liteky, 510 U.S. 540, 554.   Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky, 510 U.S. at 555; Ortiz v. Stewart, 149 F.3d 923, 940 (9th Cir. 1998); United States v. Bauer, 84 F.3d 1549, 1560 (9th Cir.1996).   Judicial bias or prejudice formed during current or prior proceedings is sufficient for

recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Liteky</u>, 510 U.S. at 555; <u>Chischilly</u>, 30 F.3d at 1149. Thus, judicial rulings may support a motion for recusal only "in the rarest of circumstances." <u>Liteky</u>, 510 U.S. at 555; <u>Chischilly</u>, 30 F.3d at 1149.

In this case, Plaintiff moves for recusal based on Judge Beck's orders, the undersigned's orders, and general delay in this action. Plaintiff's basis for claiming bias arises from orders in this case. As such, they are not a proper reason for recusal without a showing of "deep-seated and unequivocal antagonism that would render fair judgment impossible." Plaintiff has failed to show such a deep-seated favoritism on the part of Judge Beck and the undersigned as to make fair judgment impossible. The court does recognize that there have been significant delays in this action. To the extent some of these delays can be attributed to the court, these delays arise from the court's administrative failure to adequately track events and deadlines in this action and not any antagonism toward Plaintiff. The fact Plaintiff did not attempt to recuse Judge Beck and the undersigned until recently indicates that the court's contribution to delays has not been seen by even Plaintiff as a reason for recusal. Since approximately December 2005, when Judge Beck issued an amended scheduling order, it appears this case has been properly tracked by the court and court rulings have been made in a timely fashion.

Accordingly, the court ORDERS that Plaintiff's motion to disqualify is DENIED.

IT IS SO ORDERED.

**Dated:   February 25, 2008**        _____/s/ Anthony W. Ishii_____
                                    UNITED STATES DISTRICT JUDGE