1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 9 | CHAPPELL, | CASE NO. 1:96-cv-05576-AWI DLB-PC |
| 10 | Plaintiff, | **ORDER FOLLOWING TELEPHONIC TRIAL SETTING CONFERENCE** |
| 11 | v. | |
| 12 | DICKERSON, | Jury Trial: February 18, 2009 at 8:30 AM before Judge Anthony W. Ishii in Courtroom 2 |
| 13 | Defendant. | |
| 14 | | Telephonic Trial Confirmation Hearing: January 15, 2009 at 8:30 AM before Judge Anthony W. Ishii. |
| 15 | | |
| 16 | | |
| 17 | _____/ | |

18        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

19    pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint filed

20    August 5, 1996, involving allegations that defendant Dickerson was deliberately indifferent to

21    plaintiff's safety and retaliated against plaintiff by encouraging other inmates to attack plaintiff at

22    Corcoran State Prison.

23        On September 17, 2008, a telephonic trial setting conference was held in this matter. During

24    the conference, plaintiff requested that the trial be scheduled beyond February 2009 because he is

25    unable to locate potential witnesses and gather his evidence for trial, as the events giving rise to this

26    action occurred over twelve years ago.  In March 2008, this Court re-opened discovery for the

27    purpose of allowing plaintiff additional time to locate potential witnesses.  The Court is not

28    persuaded by plaintiff's assertion that a further postponement of the trial would be of benefit.

1

1  Accordingly, plaintiff's request is DENIED, and the Court shall now set a further scheduling order

2  for this litigation.

3      Counsel for defendant shall contact the Court as soon as possible if a court settlement

4  conference would be helpful in resolving this matter.

5      The parties are required to file pre-trial statements in accordance with the schedule set forth

6  herein.  Defendant has already filed a pretrial statement and is not required to file a further statement.

7      In addition to the matters already required to be addressed in the pre-trial statement in

8  accordance with Local Rule 16-281, plaintiff will be required to make a particularized showing in

9  order to obtain the attendance of witnesses.  The procedures and requirements for making such a

10 showing are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures

11 set forth below may result in the preclusion of any and all witnesses named in his pre-trial statement.

12     At the trial of this case, plaintiff must be prepared to introduce evidence to prove each of the

13 alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial

14 evidence:  (1) exhibits and (2) the testimony of witnesses.  It is plaintiff's responsibility to produce

15 all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness

16 testimony.  If plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure

17 that the witnesses will be at the trial and available to testify.

18     1.     Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify

19 Voluntarily - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot

20 come to court unless this court orders the warden or other custodian to permit the witness to be

21 transported to court.  This court will not issue such an order unless it is satisfied that: (a) the

22 prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of

23 relevant facts.

24     A party intending to introduce the testimony of incarcerated witnesses who have agreed

25 voluntarily to attend the trial must serve and file concurrent with the pre-trial statement a written

26 motion for a court order requiring that such witnesses be brought to court at the time of trial.  The

27 motion must: (1) state the name, address, and prison identification number of each such witness; and

28 (2) be accompanied by declarations showing that each witness is willing to testify and that each

2

1    witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for

2    Attendance of Incarcerated Witnesses."

3        The willingness of the prospective witness can be shown in one of two ways: (1) the party

4    himself can swear by declaration under penalty of perjury that the prospective witness has informed

5    the party that he or she is willing to testify voluntarily without being subpoenaed, in which

6    declaration the party must state when and where the prospective witness informed the party of this

7    willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the

8    prospective witness, in which the witness states that he or she is willing to testify without being

9    subpoenaed.

10       The prospective witness's actual knowledge of relevant facts can be shown in one of two

11   ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness

12   or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time,

13   plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the

14   cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that

15   the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed

16   under penalty of perjury by the prospective witness in which the witness describes the relevant facts

17   to which the prospective witness was an eye- or ear-witness.  Whether the declaration is made by the

18   party or by the prospective witness, it must be specific about the incident, when and where it

19   occurred, who was present, and how the prospective witness happened to be in a position to see or

20   to hear what occurred at the time it occurred.

21       The court will review and rule on the motion for attendance of incarcerated witnesses,

22   specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue

23   the order necessary to cause the witness's custodian to bring the witness to court.

24       **Motions for the attendance of incarcerated witnesses, if any, must be filed on or before**

25   **December 1, 2008.  Oppositions, if any, must be filed on or before December 22, 2008.**

26       2.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to

27   Testify Voluntarily  - If a party seeks to obtain the attendance of incarcerated witnesses who refuse

28   to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance

3

1  of such witnesses.  Such motion should be in the form described above.  In addition, the party must

2  indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3      3.      Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to

4  Testify Voluntarily  -  It is the responsibility of the party who has secured an unincarcerated

5  witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be

6  sought or obtained from the court.

7      4.      Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to

8  Testify Voluntarily  -  If a prospective witness is not incarcerated, and he or she refuses to testify

9  voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party

10 seeking the witness's presence must tender an appropriate sum of money for the witness.  Id.  In the

11 case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00

12 plus the witness's travel expenses.  28 U.S.C. § 1821.

13      If plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who

14 refuse to testify voluntarily, plaintiff must first notify the court in writing of the name and location

15 of each unincarcerated witness.  The court will calculate the travel expense for each unincarcerated

16 witness and notify plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money

17 order made payable to the witness for the full amount of the witness's travel expenses plus the daily

18 witness fee of $40.00.  The subpoena will not be served upon the unincarcerated witness by the

19 United States Marshal unless the money order is tendered to the court.  Because no statute authorizes

20 the use of public funds for these expenses in civil cases, the tendering of witness fees and travel

21 expenses is required even if the party was granted leave to proceed in forma pauperis.

22      **If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse**

23 **to testify voluntarily, plaintiff must submit the money orders to the court no later than**

24 **December 1, 2008.**  In order to ensure timely submission of the money orders, plaintiff should notify

25 the court of the names and locations of his witnesses, in compliance with step one, as soon as

26 possible.

27      The parties are advised that failure to file pre-trial statements as required by this order may

28 result in the imposition of appropriate sanctions, which may include dismissal of the action or entry

4

1  of default.

2        Accordingly, the court HEREBY ORDERS as follows:

3     1.    This matter is set for telephonic trial confirmation hearing before the Honorable

4           Anthony W. Ishii on **January 15, 2009, at 8:30 a.m.** in Courtroom 2;

5     2.    This matter is set for jury trial before the Honorable Anthony W. Ishii on **February**

6           **18, 2009, at 8:30 a.m.** in Courtroom 2;

7     3.    Counsel for defendant shall notify the Court as soon as possible if a court settlement

8           conference would be of benefit;

9     4.    Counsel for defendant is required to arrange for the participation of plaintiff in the

10          telephonic trial confirmation hearing and to initiate the telephonic hearing at **(559)**

11          **499-5660**;

12    4.    Plaintiff shall serve and file a pretrial statement as described in this order on or

13          before **January 5, 2009**;

14    5.    Defendant has already filed a pretrial statement and is not required to file a further

15          statement.  If defendant wishes to file an amended pretrial statement, defendant shall

16          serve and file an amended pretrial statement as described in this order on or before

17          **January 5, 2009**;

18    6.    In addition to electronically filing their pretrial statement, defendants shall e-mail the

19          pretrial statement to: awiorders@caed.uscourts.gov;

20    7.    If plaintiff intends to call incarcerated witnesses at time of trial, plaintiff shall serve

21          and file a motion for attendance of incarcerated witnesses as described in this order

22          on or before **December 1, 2008**;

23    8.    The opposition to the motion for the attendance of incarcerated witnesses, if any,

24          shall be filed on or before **December 22, 2008**; and

25  ///

26  ///

27  ///

28  ///

5

9.     If plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse

to testify voluntarily, plaintiff must submit the money orders, as described in

subsection 4 of this order, to the court on or before **December 1, 2008**.

IT IS SO ORDERED.

Dated:     **September 17, 2008**                              /s/ **Dennis L. Beck**
                                                             UNITED STATES MAGISTRATE JUDGE